# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:05-CV-527-DCK

| | |
|---|---|
| **STEADFAST INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LEISURE POLICIES, LLC; BNY,** )<br>**CHARLOTTE, INC.; and BAR** )<br>**MANAGEMENT GROUP II, LLC,** )<br>)<br>**Defendants,** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "...Motion to Enforce Settlement Agreement" (Document No. 60), "Brief In Support..." (Document No. 61), and the "Affidavit Of Tory M. Bishop" (Document No. 62), filed April 15, 2008; "Defendants' Response To Plaintiff's Motion To Enforce Settlement Agreement" (Document No. 63), filed May 1, 2008; Plaintiff's "Supplemental Affidavit Of Tory M. Bishop In Support Of Plaintiff's Motion To Enforce Settlement" (Document No. 64), filed May 2, 2008; and "Plaintiff Steadfast Insurance Company's Unopposed Motion To Vacate Trial Date Or, In The Alternative, For A Continuance Or Extension Of Time" (Document No. 66), filed May 5, 2008. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these motions is appropriate.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will require a hearing before making a determination on the "...Motion to Enforce Settlement Agreement" (Document No. 60), and will <u>grant in part and deny in part</u> "Plaintiff Steadfast Insurance Company's Unopposed Motion To Vacate Trial Date Or, In The Alternative, For

A Continuance Or Extension Of Time" (Document No. 66).

Although the parties apparently agree there is some binding settlement in this case, they also dispute, at a minimum, the terms and conditions of paragraph 1 of the purported settlement. (Document No. 63 at 1). This case is currently scheduled for trial on May 12, 2008. On April 15, 2008, the Plaintiff for the first time informed the Court by its motion (Document No. 60) that there was a purported settlement agreement and that it should be enforced. Despite the parties' positions, the Court remains unconvinced at this stage that there is any enforceable settlement in this case. It appears to be the position of the Fourth Circuit that a district court may only enforce a *complete* settlement.

> There is no such thing as half settlement or even 95 percent settlement. It is for the district court either to implement a complete settlement agreed upon by the parties or to restore them to the status quo prior to partial execution of an aborted contract. There can be no in-between.

Wood v. Virginia Hauling Co., 528 F.2d 423, 426 (4th Cir. 1975); see also, Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983). Since there is a dispute regarding the terms and conditions of paragraph 1, it is unclear whether there is a complete settlement.

The Court is left with little choice. Based on the foregoing, the undersigned will hold an evidentiary hearing on May 13, 2008 to determine the existence and terms of a complete settlement of this matter. If the undersigned is unable to conclude that an enforceable settlement agreement exists, this matter will proceed to trial on May 15, 2008. The parties should appear before the undersigned on May 13, 2008 prepared to present any relevant evidence of a settlement agreement and its terms and conditions. The parties should also be prepared to discuss the applicability of the cases cited above to this matter and present arguments on any other cases supporting their respective

positions.

**IT IS, THEREFORE, ORDERED** that counsel for the parties, and representatives of the parties with settlement authority, shall appear before the undersigned for a hearing on the existence and terms of a purported settlement agreement on **May 13, 2008**.

**IT IS FURTHER ORDERED** that "Plaintiff Steadfast Insurance Company's Unopposed Motion To Vacate Trial Date Or, In The Alternative, For A Continuance Or Extension Of Time" (Document No. 66) is **GRANTED** in part and **DENIED** in part, as follows: the trial date will be continued until **May 15, 2008**; Plaintiff's request to file a trial brief and jury instructions will be denied as moot in light of Document Nos. 67-68.

**IT IS FURTHER ORDERED** that the parties shall comply with the requirements of Section III, parts B and C of the "Pretrial Order And Case Management Plan" (Document No. 43) on or before **May 9, 2008**; and shall timely comply with all other requirements of Section III of the "Pretrial Order And Case Management Plan" (Document No. 43) unless otherwise ordered by the Court.

**SO ORDERED.**

Signed: May 6, 2008

David C. Keesler
United States Magistrate Judge